CARLTON E. BOWSER and VIOLET M. BOWSER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowser v. Commissioner
Docket No. 13974-82.
United States Tax Court
T.C. Memo 1983-745; 1983 Tax Ct. Memo LEXIS 43; 47 T.C.M. (CCH) 621; T.C.M. (RIA) 83745; December 14, 1983. Carlton E. Bowser, pro se. Edward F. Peduzzi, Jr., for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar years 1978 and 1979, respondent determined deficiencies in income tax and additions to tax against petitioners as follows: Deficiency in
Additions to Tax
Years
Income Tax
Under Section 6653(a) [1]
1978
$11,462.93
$573.15
1979
10,066.46
503.32
The issues to be decided are: (1) whether respondent was correct in his determination that the corrected distributable net income of an entity known as *44 the Carlton E. Bowser Equity Pure Trust in the years 1978 and 1979 was properly taxable to petitioners on any one or more of the following grounds: a. that there was an anticipatory assignment of income from petitioners to the trust; b. that the creation of the trust, and conveyance of property to it, was a sham transaction which should not be recognized for Federal income tax purposes; and c. that the alleged trust was a "grantor trust" within the meaning of sections 671 et seq; and (2) whether respondent was correct in determining that petitioners were liable for additions to tax under section 6653(a). [2]
*45 The facts found herein were stipulated by the parties, and such facts, together with attached exhibits, are incorporated herein by this reference. At the time of filing their petition herein, petitioners were residents of Oakland, Maryland. They filed joint returns on the cash receipts and calendar year basis for the years 1978 and 1979. On September 25, 1975, petitioners executed a trust agreement, purporting to create the Carlton E. Bowser Equity Pure Trust. [3] The trust filed fiduciary income tax returns on Form 1041 for the years 1978 and 1979. The trustees of the trust were petitioners and George W. Thiel. During 1978 and 1979, the holders of "units of beneficial interest" in the trust were: Units of Beneficial
Name
Interest Held
Carlton Bowser (petitioner)
20
Violet Bowser (petitioner)
25
Carlton Bowser, Jr. (son)
20
Denise Haines (grandchild)
10
Loren Bowser (grandchild)
15
Stacy Bowser (grandchild)
10
*46 At trial, and after the stipulation and accompanying exhibits covering the above facts were received, petitioners declined to go forward and present any further evidence. [4] Respondent accordingly moved the Court to dismiss the instant case for failure to properly prosecute. Rule 149 provides in part as follows: *47 (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. Facts may be established by stipulation in accordance with Rule 91, but the mere filing of such stipulation does not relieve the party, upon whom rests the burden of proof, of the necessity of properly producing evidence in support of facts not adequately established by such stipulation. * * * The instant case comes precisely within the ambit of Rule 149(b). Petitioners have the burden of proof on the issues presented herein, ; Rule 142(a). The facts established herein by the stipulation filed by the parties, although relevant, were no more than basic foundational facts which could serve as a starting point for petitioners to introduce further evidence demonstrating the error of respondent's determinations. Petitioners failed and refused at trial to introduce any such further evidence to establish their position, and we therefore dismiss the case under Rule *48 149(b). Cf. . An appropriate Order of dismissal and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. In addition to the above legitimate issues, petitioners, both prior to and at trial, attempted to raise a plethora of threadbare and discredited "tax protestor" issues (e.g., that this Court lacked jurisdiction to hear the case, that petitioners were not "persons" within the meaning of the income tax laws, that petitioners were entitled to a jury trial, etc. etc.). Such contentions are so utterly devoid of merit or foundation as not to require scholarly discussion. , affg. ; ; see also , for a discussion of the issues involved.↩
3. The parties have consistently referred to this entity as a trust, and for convenience we will refer to it as such herein. Such reference, however, should not be taken as a finding or holding by this Court that the trust was valid, either under state law or for Federal income tax purposes, which are matters on which we presently express no opinion.↩
4. In pretrial proceedings, petitioners failed to make satisfactory responses to interrogatories and requests by respondent for production of documents, pursuant to Rules 71 and 72, although specifically ordered by the Court to do so. As a result, the Court imposed sanctions for failure to comply with its order under Rule 104, prohibiting petitioners from introducing in evidence those documents which petitioners had failed to produce pursuant to respondent's request and the Court's order, as well as prohibiting petitioners from introducing evidence with regard to the subject matter of respondent's interrogatories which petitioners had unjustifiably failed to answer. Such sanctions, however, did not prohibit petitioners from introducing any other relevant and competent evidence on the issues presented, and the Court specifically so instructed petitioners at the trial.↩